EARL McHAM v. THE STATE.

No. 4599.    Decided October 10, 1917.

1.—Simple Assault—Sufficiency of the Evidence—Conflict of Testimony.

Where the defendant was convicted of simple assault and the testimony was sufficient, although conflicting, to sustain the conviction, there was no reversible error.

2.—Same—Evidence—Res Gestae.

Where, upon trial of simple assault, all of the testimony to which the defendant raised objection was res gestae of the transaction, and directly connected therewith, there was no reversible error. Following Muldrew v. State, 73 Texas Crim. Rep., 433. Besides, the defendant received the lowest punishment.

3.—Same—Requested Charge.

Where the requested charge was sufficiently embraced in the court's main charge, there was no error in refusing to submit it.

Appeal from the County Court of Lamar. Tried below before the Hon. Tom L. Beauchamp.

Appeal from a conviction of simple assault; penalty, a fine of five dollars.

The opinion states the case.

No brief on file for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

PRENDERGAST, JUDGE.—Appellant was convicted of a simple assault, and the lowest fine assessed against him.

The testimony of the State is positive and clear establishing the offense charged; that of the appellant and his witnesses, if believed, would have shown that he was not guilty. This was a question of fact for the jury and not for this court.

Appellant has two very meager bills to a question asked and an answer given which, under the rules, are so defective as to preclude their consideration; however, considering them, neither shows any reversible error. In one he objected to the county attorney asking a witness if Earl Humphrey cursed or abused him before they began fighting, and he answered, "Yes," that he called him "a thick-lip son-of-a-bitch." The other he objected to this question to a witness: "While you were holding the defendant did he curse you?" and he answered, "Yes, he called me a son-of-a-bitch." To the bill complaining of the first the court, in approving it, explained that a witness had testified he heard "defendant tell Humphrey to get Haley (the assaulted party) out of the house, thus connecting him as a vice principal if true." All of this testimony was clearly res gestae of the transaction. The testimony was sufficient to show that just before the prosecuting witness, Haley, and Humphrey began fighting, Humphrey called Haley a thick-lip son-of-a-bitch, which seemed to have at once caused a fight between them; that just before this defendant told Humphrey to get Haley out of the house, and as soon as Haley and Humphrey began to fight, appellant ran up and himself struck Haley on the side of his face a hard lick and knocked him to one side, which constituted the offense in this case. Shelton then grabbed defendant and held him until the fight was over. It was as Shelton grabbed and held him and because thereof, appellant then called Shelton a damned son-of-a-bitch. Judge White, in his Annotated P. C., section 1236, correctly says, res gestae are the facts and circumstances immediately hovering around, and directly connected with the transaction, occurring at the time and place of the main fact. And that all which was said or done, or that which occurred at the time of the alleged offense, tending in the slightest degree to explain the transaction or conduct or motives of the parties is admissible. These statements were clearly res gestae. Muldrew v. State, 73 Texas Crim. Rep., 463, and cases cited. As stated, the lowest punishment was assessed against appellant, and if it could be held that either of said items of testimony objected to by appellant was not res gestae, and erroneously admitted, the admission of neither or both would be such error as to justify a reversal.

The only other objection was to the refusal of a special requested charge by appellant. The court correctly refused this for the reason stated, that it was sufficiently embraced in the court's main charge. This was true, and it, of course, was no error to refuse again to give substantially a charge that was already covered by the court's charge.

The judgment is affirmed.

*Affirmed.*